IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BURNS, MORRIS & STEWART
LIMITED PARTNERSHIP,
        Plaintiff,      Case No. 3:05 CV 7112
    -vs-
                 MEMORANDUM OPINION
MENARD, INC., et al.,

        Defendant.

KATZ, J.

  Before the Court is the motion of Defendant Menard, Inc. to transfer this case to the United States District Court for the Western District of Wisconsin (Doc. No. 8). That motion was filed pursuant to 28 U.S.C. §1404(a). Plaintiff has filed a response (Docs. 9 & 10) and Defendant a reply (Doc. No. 11). After review of the salient issues involved in this case, the Court will grant Defendant's motion to transfer.

  This case involves trademark infringement alleged to have been committed by Menard through its catalog, which described a product as a "100% composite frame saver" which is asserted to infringe on Plaintiff's "Framesaver" trademark. Plaintiff is a limited partnership formed pursuant to the laws of the State of Ohio with its principal place of business in Texas; its general partner is an Ohio corporation and a majority interest in the limited partnership is held by an Ohio corporation. Defendant, Menard, Inc., is a Wisconsin corporation with its principal offices in Eau Claire, Wisconsin; Menard has over 200 home improvement stores throughout the mid-west of which 3 are located in Ohio, all within this District and its Western Division. Thus, this Court clearly has personal jurisdiction over Menard.

The motion to transfer is based upon convenience of the parties. The factors generally to be considered in evaluating a transfer request under Section 1404(a) are:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interests of justice.

*Eberline v. Ajilon LLC, et al.,* 349 F. Supp 2d, 1052, (N.D. Ohio 2004). This Court has reviewed the excellent memoranda submitted by the parties and the cases cited therein. The Court's analysis leads it to conclude that the position of the Defendant is correct. The facts of this case reflect that Plaintiff has its principal place of business in Texas and its management of daily operations is located there, even though some management personnel occasionally come to Ohio; BMS has no other contact with Ohio through offices, clients, distribution facility or otherwise and there have not been any assertions made that any witnesses on behalf of Plaintiff are located in Ohio or within this jurisdiction. By contrast, Menard is a Wisconsin corporation with its offices in Wisconsin; its catalog was developed in Wisconsin and all relevant witnesses, documents, etc. are located in Wisconsin. While the number of stores located in Ohio is stated in one memorandum to be 3 and in another 4, that is still less than 2% of the total stores operated by Menard, and there is no assertion by Plaintiff that any aspect touching on this case is located in Ohio; in other words, while retail outlets are located within this District, the management decisions, the development of the catalog, the distribution of the catalog, the witnesses with regard to the alleged trademark infringement, all are located in Eau Claire, Wisconsin or can easily be summoned to that city.

Plaintiff's choice of forum in this instance is entitled to very little deference as it is merely the State in which the partnership was formed and in which its attorneys practice. The Court

agrees that the center of gravity of this case lies in Wisconsin not in Ohio. Plaintiff's claims centered on likelihood of confusion between products appear either to be a question of fact or a mixed question of law and fact. *Jet Ink v. Sewage Aeration System,* 165 F.3d 419, 422 (6th Cir. 1999). As such, the facts appear to be centered in Wisconsin and it is there that the fact witnesses are employees of Defendant Menard or may be summoned there more easily than in Toledo, Ohio.

The issue of the comparative dockets of this Court and the Western District of Wisconsin (which has a very fast paced docket) is entitled to very little deference, although clearly the Wisconsin District Court is equally as capable of handling this case as is this Court, and most likely bringing it to issue more rapidly. However, any consideration of the differences in the docket would seem to militate in favor of a transfer to Wisconsin.

Based upon this Court's analysis of the various factors under Section 1404(a), as impacted by the facts which have been set forth in the memoranda of the parties, and a consideration of the case law cited by both Plaintiff and Defendant, the Court finds that the center of gravity of this case clearly is in Wisconsin and that there is very little which Plaintiff has put forth which militates in favor of denying the motion for transfer. Therefore, Defendant Menard, Inc.'s motion to transfer is granted and the Clerk is directed to transfer this case to the United States District Court for the Western District of Wisconsin.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE